IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM H. POWELL | : | |
| Plaintiff | : | |
| vs. | : | CIVIL NO. 5:14-CV-0087-MTT-MSH |
| BRIAN OWENS, et. al., | : | |
| Defendants | : | |

## ORDER & RECOMMENDATION

Plaintiff William H. Powell, a state prisoner currently confined at Ware State Prison in Waycross, Georgia, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and paid an initial partial filing fee as required by 28 U.S.C. § 1915(b). The undersigned has now conducted a preliminary review of Plaintiff's Complaint and will permit Plaintiff to go forward with Eighth Amendment claims against Physician's Assistant Colette Nash, Nurse Harris (or Harrison), Nurse Willis, Nurse Worthy, "John Doe #1 black male" and "John Doe #2 white male." Plaintiff will also be permitted to go forward with First Amendment claims against Counselor Bostic, Counselor Hill, and Lieutenant Rawls.

It is **RECOMMENDED**, however, that all other claims and defendants be **DISMISSED** without prejudice and that Plaintiff's Motion for Preliminary Injunction (ECF No. 8) be **DENIED**. Plaintiff's pending Motion for Leave to File a Supplement (ECF No. 7) and Motion for the Court to Order Service (ECF No. 11) are deemed **MOOT**.

The Clerk of Court is **DIRECTED** to send a copy of this Order to the warden and/or

business manager of facility in which Plaintiff is currently confined.

## STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* prisoner's pleading is still subject to dismissal prior to service if the district court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555; *see also, Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

This action arises out Plaintiff's confinement at three different Georgia prisons. The Complaint alleges that, while confined in Macon State Prison, Plaintiff was assaulted, violently attacked, and seriously injured by a group of six or more inmates who entered his cell. This occurred on February 29, 2012. Plaintiff believes that the control officer on duty at that time, "John Doe #2 white male," actually opened the door for the inmates to enter his cell. Plaintiff further asserts that the floor officer on duty, "John Doe #1 black male," left his post unattended and returned minutes after the assault began but failed to protect or assist Plaintiff despite his pleas for help and obvious injuries. By Plaintiff's account, the assault and attack lasted as long as fifteen minutes.

After the attack, Plaintiff was provided emergency medical treatment for serious stab wounds to his face, shoulder, chest, back, and head. When he returned from the hospital, a physician's assistant, Defendant Colette Nash, removed Plaintiff's sutures and staples. Nash then re-stitched Plaintiff's injuries despite the fact that she did not have the proper sutures and failed to scrub her hands or re-sanitize Plaintiff's wounds. For months thereafter, P.A. Nash, Nurse Harris (or Harrison), Nurse Willis, and Nurse Worthy allegedly neglected to properly treat, clean, and dress Plaintiff's wounds. Plaintiff subsequently contracted Hepatitis-B and developed keloids. Plaintiff attempted to file

3

grievances about the attack and alleged denial of medical care, but his efforts were hindered by Counselor Bostic, Counselor Hill, and Lieutenant Rawls.

Two months after the assault, Plaintiff also began having trouble with his vision and requested medical care. He was seen by the "eye doctor" at Macon State Prison and was diagnosed with Keratoconus. Plaintiff was provided a contact lens, but lost it shortly thereafter. Plaintiff then saw the eye doctor again a few weeks later. He ordered Plaintiff another contact lens and referred him to a specialist. Plaintiff was examined at the August State Medical Prison in December of 2012 and advised that he would need a corneal transplant. By that time, however, Plaintiff had been transferred from Macon State Prison to Smith State Prison. Plaintiff was again transferred in June of 2013 to Ware State Prison, where he is now confined.

I. Eighth Amendment Claims against "Colette Nash, Nurse Harris (or Harrison), Nurse Willis, Nurse Worthy, "John Doe #1 black male" and "John Doe #2 white male"

Plaintiff's allegations, when viewed in the light most favorable to Plaintiff, are sufficient for his Eighth Amendment claims against Colette Nash, Nurse Harris (or Harrison), Nurse Willis, and Nurse Worthy to go forward. Plaintiff has also stated a cognizable Eighth Amendment claim against the John Doe defendants. As general rule, fictitious party pleading is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). However, there is a difference between a claim against fictitious parties and a claim against real parties sued under a fictitious name. *See Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). A claim against an unnamed defendant (or "John Doe") may proceed when the plaintiff's description of the defendant is so

specific that the party may be identified though his actual name is unknown. *See id.* In such cases, the allegations in the complaint must make it clear that the plaintiff can uncover the defendant's name through discovery. *See id; Bowens v. Superintendent of Miami South Beach Police Dept*, No. 13–12372, 2014 WL 631146, at * 3 (11th Cir. Feb. 19, 2014). The undersigned finds that Plaintiff's descriptions of the officers on duty at the time of his attack on February 29, 2012 - "floor officer, John Doe #1 black male" and "control officer, John Doe #2 white male"- are sufficiently clear to allow Plaintiff's claims to go forward. With some assistance from the Georgia Department of Corrections, the names of these parties can likely be uncovered.

II. <u>Eighth Amendment Claims against Medical Administrator Spikes, Warden McLaughlin, Warden Moody, and Warden Hinton</u>

Plaintiff has also attempted to bring Eighth Amendment claims against various supervisory officials. The Complaint alleges that Plaintiff filed a grievance about his medical treatment, and that his grievance was denied by Medical Administrator Spikes. Plaintiff also claims to have sent letters to Spikes, Warden McLaughlin, Warden Moody, and Warden Hinton regarding the denial of adequate healthcare at Macon State Prison.

Even if true, Plaintiff's allegations do not support an Eighth Amendment claim against these supervisory officials. "To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). Plaintiff has not made any such

5

allegations here. The mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983. *See Larson v. Meek*, 240 F. App'x. 777, 780 (10th Cir. 2007); *Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005) (per curium). A supervisory official likewise cannot be held liable based solely on his receipt of a letter about prison conditions. *Crowder v. Lash*, 687 F.2d 996, 1005-06 (7th Cir. 1982).

It is therefore **RECOMMENDED** that these claims against Medical Administrator Spikes, Warden McLaughlin, Warden Moody, and Warden Hinton be **DISMISSED**.

III.     Eighth Amendment Claims against "Georgia Health Science University"

The Complaint also lists Georgia Health Science University, the medical contractor for Macon State Prison, as a named defendant. A private contractor operating a prison service cannot be sued directly under § 1983 unless the alleged constitutional deprivation occurred as a direct result of the contractor's official policies or customs. *See Flakes v. Donald*, 2008 WL 3925177, at * 1 (S.D. Ga., May 15, 2008) (citing *Farrow v. West*, 320 F.3d 1235, 1239 n. 3 (11th Cir. 2003); *Monell v. Dep't of Soc. Servs.* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); and *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992)); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Plaintiff does not allege that Georgia Health Science University maintained any policy or custom that resulted in the denial of his constitutional rights. It is thus **RECOMMENDED** that Plaintiff's claims against Georgia Health Science University be **DISMISSED**.

IV.     Eighth Amendment Claims against "Opthalmologist at Macon State Prison"

Plaintiff has next attempted to bring an Eighth Amendment claim against the ophthalmologist at Macon State Prison. As stated above, Plaintiff was seen by the "eye

doctor" at Macon State Prison, was diagnosed with Keratoconus, and provided a contact lens. Plaintiff saw the eye doctor again weeks later, at which time, the doctor requested another contact lens and referred Plaintiff to a specialist.

These allegations, even when viewed in Plaintiff's favor, do not state an Eighth Amendment claim for inadequate medical care. *See Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). The Complaint alleges that Plaintiff was examined, correctly diagnosed, provided treatment, and referred to a specialist; and there is no allegation that the ophthalmologist caused Plaintiff any injury. It is accordingly **RECOMMENDED** that Plaintiff's claims against the ophthalmologist at Macon State Prison be **DISMISSED**.

V. First and Fourteenth Amendment Claims against Warden McLaughlin, Counselor Bostic, Counselor Hill, and Lieutenant Rawls

Plaintiff also attempts to state due process claim against Warden McLaughlin, Counselor Bostic, Counselor Hill, and Lieutenant Rawls based upon their alleged interference with his ability to file grievances. A prisoner has no constitutional right to participate in prison grievance procedures. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005). Plaintiff's allegations thus fail to state a due process claim, and it is **RECOMMENDED** that these claims against Warden McLaughlin, Counselor Bostic, Counselor Hill, and Lieutenant Rawls be **DISMISSED**.

Plaintiff's allegations, however, may state a First Amendment claim. The First Amendment plainly prohibits prison officials from retaliating against an inmate for

exercising his right of free speech, which includes the right to complain about the conditions of his confinement and to file prison grievances. *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003); *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

Here, the Complaint alleges that Counselors Bostic and Hill refused to assist and even hindered Plaintiff's attempts to file grievances; and when other inmates attempted to submit grievances on Plaintiff's behalf, Bostic refused to accept them and advised the inmates to "stay away from Plaintiff's cell door." Lieutenant Rawls, at the direction of Defendants Bostic and Hill, then posted a sign outside Plaintiff's door in administrative segregation (showing his name, picture, and GDC number) which advised counselors and administrative staff to stay away from Plaintiff's door. The Complaint further alleges that Rawls posted the sign because Defendants did not want Plaintiff to file anymore grievances. As a result, counselors stopped making weekly visits to his cell. The sign apparently remained outside Plaintiff's door for a number of weeks and prevented him from filing timely grievances.

The undersigned finds that these allegations, when viewed in the light most favorable to Plaintiff, are sufficient to allow Plaintiff's First Amendment claims against Defendants Rawls, Bostic and Hill to also go forward.

VI. Eighth Amendment Failure to Protect Claims against Commissioner Owens, Warden McLaughlin, Warden Hinton, Warden Moody, Captain Davis, Lieutenant Eaddie, and Unit Manager Bobbitt

Plaintiff asserts that Commissioner Owens, Warden McLaughlin, Warden Hinton, Warden Moody, Captain Davis, Lieutenant Eaddie, and Unit Manager Bobbitt have failed to take reasonable measures to guarantee inmates' safety at Macon State Prison. Plaintiff

8

complains of the "ready availability" of knives and other weaponry, an atmosphere of violence and terror, and the level control inmates have over the staff.

A prison official may be held liable for an Eighth Amendment violation "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk'. . ." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). Here, however, Plaintiff's generalized and conclusory allegations are not sufficient to show that each of these prison officials are subjectively aware of "a substantial risk of serious harm from inmate violence," *Hale v. Tallapoosa County*, 50 F.3d 1579, 1583 (11th Cir. 1995), at Macon State Prison and have failed reasonably respond to this risk. It is thus **RECOMMENDED** that these claims against Commissioner Owens, Warden McLaughlin, Warden Hinton, Warden Moody, Captain Davis, Lieutenant Eaddie, and Unit Manager Bobbitt be **DISMISSED**.

VII. Claims against Defendants at Smith and Ware State Prisons

The remainder of Plaintiff's Complaint describes events occurring at Smith State Prison and Ware State Prison. Claims arising at these other prisons may only be joined in this action if they arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

Plaintiff's Complaint fails to show a "logical relationship" between his claims arising from events at Macon State Prison and those related to his incarceration at Smith or Ware State Prisons: The claims involve different events, different legal issues, and

9

different parties. Therefore, the claims are not properly joined, and it accordingly **RECOMMENDED** that claims arising out of events occurring at Smith State Prison or Ware State Prison be **DISMISSED** from this action. *See* Fed. R. Civ. P. 20. For the same reason, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 8), as it relates to issues at Ware State Prison, also be **DENIED**; it is not properly considered in this case. Should Plaintiff wish to pursue a 42 U.S.C. § 1983 action for claims arising out of these events, he may do so by filing separate civil rights actions in the United States District Court of the Southern District of Georgia. Plaintiff is advised that his § 1983 claims have a two year statute of limitations. *See Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986).

Plaintiff's Motion to Supplement (ECF No. 7) his Complaint with allegations against Warden Glen Johnson at Ware State Prison is now **MOOT**.

## CONCLUSION

After having reviewed Plaintiff's Complaint, as required by 29 U.S.C. § 1915A(a), the undersigned will allow Plaintiff to go forward with claims against Colette Nash, Nurse Harris (or Harrison), Nurse Willis, Nurse Worthy, "John Doe #1 black male," "John Doe #2 white male, Counselor Bostic, Counselor Hill, and Lieutenant Rawls. It is therefore **ORDERED** that service be made on these defendants and that they file an Answer, or such other response as may be appropriate under Fed. R. Civ. P. 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.[1] Defendants are reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service

---

[1] Plaintiff's Motion for the Court to Order Service (ECF No. 11) is now **MOOT**.

under Rule 4(d). The undersigned further requests that the Attorney General Attorney's Office provide assistance, if possible, in identifying the John Doe defendants for service.

It is **RECOMMENDED** that all other claims and parties addressed in this Order be **DISMISSED**, without prejudice, and that Plaintiff's Motion for Preliminary Injunction be **DENIED**. Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions,

pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in

full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 28th day of May, 2014.

/s/ Stephen Hyles _____
UNITED STATES MAGISTRATE JUDGE