IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM H. POWELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:14-CV-87 (MTT) |
| | ) | |
| BRIAN OWENS, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

This matter is before the Court on the Recommendation of Magistrate Judge Stephen Hyles. (Doc. 13). After reviewing the complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends that only the Plaintiff's (1) Eighth Amendment claims against Physician's Assistant Collette Nash, Nurse Harris (or Harrison), Nurse Willis, Nurse Worthy, "John Doe #1 black male," and "John Doe #2 white male" and (2) First Amendment claims against Counselor Bostic, Counselor Hill, and Lieutenant Rawls be allowed to go forward. He further recommends denying the Plaintiff's motion for a preliminary injunction. (Doc. 8). The Plaintiff has objected to the Recommendation. (Doc. 17). The Court has reviewed the Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Plaintiff objects to the dismissal of: (1) his Eight Amendment denial of medical care claims against Medical Administrator Spikes, Warden Moody, and Warden Hinton;[1] (2) his Eighth Amendment claim against the ophthalmologist at Macon State

---

[1] He apparently does not object to the dismissal of this claim against Warden McLaughlin.

Prison; (3) his Fourteenth Amendment claims against Warden McLaughlin, Counselor Bostic, Counselor Hill, and Lieutenant Rawls; (4) his Eighth Amendment failure to protect claims against Commissioner Owens, Warden McLaughlin, Warden Hinton, Warden Moody, Captain Davis, Lieutenant Eaddie, and Unit Manager Bobbitt; and (5) his claims against Defendants at Smith and Ware State Prisons.

As to the first objection, the Plaintiff contends that because the grievances and letters he sent to these Defendants contained information demonstrating he was receiving inadequate medical care and they failed to act, they were deliberately indifferent.  But the Court agrees that the Plaintiff has not made sufficient allegations to support the required causal connection between the actions of these officials and the alleged constitutional deprivation.  Even if a prisoner's letters to supervisory officials detailing his denial of medical care plus the officials' inaction can be a sufficient basis for liability, it is not in this case.  The complaint does not allege what the Plaintiff actually said in his letters.  Thus, he has not alleged sufficient facts to support a causal connection between these officials' conduct and his alleged constitutional deprivation.

As to the second objection, the only conduct the Plaintiff attributes to the ophthalmologist at Macon State is that the ophthalmologist diagnosed him with Keratoconus, provided him with a contact lens, told him he would request another contact lens when the Plaintiff said he lost it, and referred him to a specialist.  The subsequent allegations regarding the contact lens deal with events occurring *after* the Plaintiff was transferred from Macon State.  Though the Plaintiff does allege he wrote sick call requests and grievances detailing his need for a contact lens after his transfer from Macon State, he does not allege in the complaint that the ophthalmologist at

Macon State was aware of these complaints or that the same doctor was responsible for care at the other two prisons.  The Plaintiff states in his objection that the same ophthalmologist oversaw his care at Macon State, Smith State, and Ware State, but this is contrary to the allegations in his complaint.[2]  Thus, the Court agrees with the Recommendation that this claim is properly dismissed.

As to the third objection, the Court agrees with the Recommendation that the Plaintiff cannot assert a due process claim based on alleged interference with his ability to file grievances.  *Thomas v. Warner*, 237 F. App'x 435, 437-38 (11th Cir. 2007) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure.").  The Magistrate Judge properly allowed only First Amendment retaliation claims based on these allegations to go forward.

As to the fourth objection, the Court agrees the Eighth Amendment failure to protect claims against Defendants Owens, McLaughlin, Hinton, Moody, Davis, Eaddie, and Bobbitt are properly dismissed.  The Plaintiff does allege slightly more detail than noted in the Recommendation[3] but not enough to show "a history of widespread abuse" that is so "obvious, flagrant, rampant, and of continued duration" so as to put these supervisors on notice of the need to correct the alleged deprivation.  *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (internal quotation marks and citations omitted).

---

[2] The complaint does allege the same outside specialist, Dr. Williams, continued to treat him.

[3] For instance, he states there have been at least 60 attacks with knives since his incarceration at Macon State.  (Doc. 1 at 31).

Finally, the Court agrees the claims against Defendants at Smith and Ware State prisons are properly dismissed.  Some of the Plaintiff's allegations against these Defendants do detail an ongoing failure to provide medical care for injuries that occurred while the Plaintiff was at Macon State.  However, many of the allegations deal with an alleged failure to provide proper surgical aftercare for the Plaintiff's cornea transplant.  According to the complaint, the surgery happened after the Plaintiff was transferred.[4]  Thus, the Court agrees claims against Defendants at Smith and Ware State prisons would more properly be brought in separate lawsuits.  Because the Plaintiff's motion for a preliminary injunction relates to issues at Ware State Prison, it is properly dismissed.

The Court has reviewed the Recommendation and the Plaintiff's objections, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the Order of this Court.  Accordingly, the Plaintiff's Eighth Amendment claims against Physician's Assistant Collette Nash, Nurse Harris (or Harrison), Nurse Willis, Nurse Worthy, "John Doe #1 black male," and "John Doe #2 white male" and his First Amendment claims against Counselor Bostic, Counselor Hill, and Lieutenant Rawls are allowed to go forward.  The other claims and Defendants are **DISMISSED without prejudice**.  The Plaintiff's motion for a preliminary injunction (Doc. 8) is **DENIED**.

---

[4] The Plaintiff alleges he was transferred to Smith State in November 2012 and Ware State in either May or June 2013.  (Doc. 1 at 17, 22).  He says his cornea transplant occurred on May 15, 2013.  (Doc. 1 at 21).

-5-

**SO ORDERED,** this 16th day of July, 2014.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT