IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM H. POWELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 5:14-CV-87-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| BRIAN OWENS, *et. al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### REPORT AND RECOMMENDATION

Presently pending before the court are Defendant Stephen Bostic's Motion to Dismiss (ECF No. 25), and Plaintiff's Motions for Entry of Default (ECF No. 23) and for Appointment of Counsel (ECF No. 33). For the following reasons, the Court recommends that Defendant's motion be granted and Plaintiff's motions be denied.[1]

### BACKGROUND

On February 28, 2014, Plaintiff, a state prisoner currently incarcerated at Ware State Prison, filed this complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) The undersigned conducted a preliminary review of Plaintiff's Complaint and recommended that two of Plaintiff's claims be allowed to proceed: (1) Eighth Amendment claims against two corrections officers and numerous medical personnel in connection to an

---

[1] On September 30, 2014, the Court filed its Report and Recommendation in this case (ECF No. 43), but later withdrew the document because an appeal was pending in the Eleventh Circuit Court of Appeals. (*See* Text-only Order, Oct. 10, 2014.) The Eleventh Circuit Mandate was filed in this Court on October 14, 2014, dismissing Plaintiff's appeal. (ECF No. 44.) Therefore, jurisdiction over the case re-vested in the District Court as of October 14, 2014.

assault committed on him by multiple inmates; and (2) First Amendment claims against two counselors and a corrections officer for allegedly hindering him from filing grievances regarding the assault. To date, only Defendant Bostic has been served in the case. (*See* Waiver of Service as to Stephen Bostic, ECF No. 18; USM285 Process Receipt and Return Unexecuted for Rawls–Defendant Deceased, ECF No. 19; USM285 Process Receipt and Return Unexecuted for John Doe (#2, White Male Control Officer), John Doe (#1, Black Male Floor Officer), Harrison, John Hill, Colette Nash, Willis, Worthy, ECF No. 20.)

In response to the Complaint, Defendant Bostic filed a motion to dismiss, asserting multiple grounds for dismissal. (Def.'s Mot to Dismiss; ECF No. 25.) Defendant's first ground is that Plaintiff's complaint, filed *in forma pauperis*, should be dismissed for abuse of judicial process in that Plaintiff failed to accurately disclose all of the cases that he has filed in federal or state court related to his imprisonment. (Def.'s Br. in Supp. of Mot. to Dismiss 2; ECF No. 25-1.) Because the Court finds this argument persuasive and thereby recommends dismissal, it need not review the remaining contentions. Furthermore, based on the Court's recommendation of dismissal, Plaintiff's motions for appointment of counsel and entry of default should be denied as moot. Additionally, as the reasoning behind granting Defendant Bostic's motion applies to all of the remaining Defendants in this case, the entire action is dismissed.

## DISCUSSION

I.  **Abuse of Judicial Process**

Defendant contends that Plaintiff has abused the judicial process by failing to

answer truthfully on the Section 1983 complaint form filed as his complaint. (Def.'s Br. 2-4.) Defendant shows that in the complaint Plaintiff checked "yes" in response to question four regarding previous lawsuits.[2] (*Id.* at 2.) Plaintiff then disclosed a case entitled *Powell v. Glen County Detention Center*, filed in 2008 or 2009, in response to question 5 requesting more information if the response to question 4 is "Yes." (Compl. 2.) Plaintiff did not, as required by the form, list any other lawsuits on a separate sheet of paper. (*Id.*) Defendant points out, however, that Plaintiff has in fact filed at least two other lawsuits during his incarceration besides *Powell v. Glenn County Detention Center*. (Def.'s Br. 3.) In February 2010, Plaintiff filed a complaint alleging unconstitutional conditions of confinement entitled *Powell v. Jackson*, No. 2:10-cv-22-LGW-JEG (S.D. Ga. Feb. 3, 2010). (*See* Def.'s Br. Ex. A, ECF No. 25-2.) Later, in November 2012, Plaintiff filed a petition for writ of habeas corpus entitled *Powell v. Williams*, No. 2:12-cv-194-LGW-JEG (S.D. Ga. Nov. 29, 2012). (*See* Def.'s Br. Ex. B, ECF No. 25-3.)

In his response to Defendant's motion, Plaintiff does not deny the existence of these suits. (Pl.'s Resp. 2.) He argues, however, that his complaint should not be dismissed because he has a vision condition that leaves him unable to read his filings and he relied upon the assistance of two other inmates to record his dictation and read back his Complaint to him. (*Id*. at 1.) Furthermore, he states that in failing to acknowledge the existence of the lawsuits on the § 1983 complaint form, he was not "false" but

---

[2] Question four reads: "Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit or otherwise related to your imprisonment." (Compl. 2) (emphasis in original.)

incomplete, and there "was nothing frivolous or malicious" as argued by Defendant. (*Id.* at 3.)  He seeks leave to amend his complaint to cure the inaccuracy due to his visual impairment and the fact that pro se pleadings are to be liberally construed.  (*Id.*)

A district court may dismiss the case of a prisoner proceeding IFP at any time if the action is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  "A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997).  "Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules."  *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225-25 (11th Cir. 2011) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  The crux of the Court's determination as to whether a plaintiff abused judicial process is whether the information provided was false.  "If Plaintiff suffered no penalty for his untruthful responses in the Complaint, there would little or no disincentive for his attempt to evade or undermine the purpose of the form." *Williams v. Wiggins*, No. 6:09-CV-943-Orl-28DAB, 2010 WL 4983665 (M.D. Fla. Dec. 2, 2010); *see also Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010); *Thomas v. Ammons*, No. CV409-139, 2009 WL 5174109 (S.D. Ga. Dec. 23, 2009).

The Eleventh Circuit has previously approved dismissal without prejudice as an appropriate sanction in very similar circumstances.  *See e.g. Young v. Sec'y. Fla. for Dep't of Corr.,* 380 F. App'x. 939 (11th Cir.2010) (affirming dismissal of civil rights case pursuant to § 1915(e)(2)(B)(i) based on plaintiffs failure to disclose prior litigation);

*Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221 (11th Cir. 2011) ("a district court may impose sanctions if a party knowingly files a pleading that contains false contentions").  This Court has also imposed dismissal as a sanction for incomplete or false answers on its standard § 1983 complaint form.  *See Herrington v. Jordan*, No. 5:13-cv-65-WLS-MSH, ECF No. 18 (M.D. Ga. Mar. 26, 2014) (imposing dismissal as a sanction under similar circumstances and rejecting a recommendation from the magistrate judge to deny dismissal sought by defendant because "litigants would have little incentive to ensure scrupulous adherence to truthfulness in all matters related to the Court" if dismissal were not imposed).

   After reviewing the pleadings and responsive briefs of the parties, the Court finds that Plaintiff has engaged in bad faith by failing to disclose these prior lawsuits when clearly asked on the § 1983 complaint form.  Plaintiff's response attempts to cure the deficiency by amending the Complaint and arguing that his visual impairment limited his ability to review the accuracy of the document before filing.  (Pl.'s Resp. 2-3.)  He also argues that an attorney is required to adequately prosecute his case.  (*Id*.)  "However, a [litigant's] *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules."  *Young*, 380 F. App'x at 940-41; *see also McNeil,* 508 U.S. at 113 (stating that the Court had "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").  Plaintiff knew about these lawsuits, and chose not to disclose them to the Court.  Furthermore, as Defendant points out, the inmates who transcribed Plaintiff's filings have each submitted sworn declarations that they filled out the documents as

5

dictated by Plaintiff and read them back to Plaintiff before he signed the forms. (Sills Decl., ECF No. 1-1; Simmons Decl., ECF No. 1-2.) The Court therefore finds that Plaintiff has engaged in bad faith and has abused the judicial process. Accordingly, it is recommended that Plaintiff's complaint be dismissed without prejudice.

## II.     Miscellaneous Motions

Also pending before the Court are Plaintiff's motions for entry of default (ECF No. 23) and appointment of counsel (ECF No. 33). Because the Court recommends dismissal of Plaintiff's complaint for abuse of the judicial process, these motions are now moot and it is recommended that they be denied as such.

## CONCLUSION

WHEREFORE, it is hereby recommended that Defendant's Motion to Dismiss (ECF No. 25) be GRANTED. It is further recommended that Plaintiff's Motions for Entry of Default (ECF No. 23) and Appointment of Counsel (ECF No. 33) be DENIED as moot. Under 28 U.S.C. § 636(b)(1), the parties may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 14th day of October, 2014.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE