IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM H. POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-87 (MTT) |
| | ) |
| BRIAN OWENS, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Magistrate Judge Stephen Hyles recommends granting Defendant Stephen Bostick's Motion to Dismiss and denying as moot the Plaintiff's Motions for Entry of Default and Appointment of Counsel. (Docs. 23, 25, 33, 45). The Magistrate Judge found that the Plaintiff engaged in bad faith when he failed to disclose his prior lawsuits in his § 1983 complaint, which is an abuse of judicial process warranting dismissal. (Doc. 45 at 5). Both parties have objected. (Docs. 46, 51, 52).

The Recommendation was issued on October 14, 2014. (Doc. 45). However, the case has been stayed because an earlier order was on appeal. (Doc. 31). The Eleventh Circuit has now dismissed the appeal for failure to prosecute, and the Recommendation is ready for review. (Doc. 60).

Given the length of time that has passed since the Recommendation was issued, if the Court dismisses the case as recommended, it will be a dismissal with prejudice because the Plaintiff's claims will be barred by the statute of limitations. *See Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015).

> Dismissals with prejudice are drastic remedies that are to be used only where lesser sanction would not better serve the interests of justice. Therefore, dismissals with prejudice are not appropriate unless the district court finds both that there is a clear record of delay or willful misconduct and that lesser sanctions are inadequate. Mere negligence or confusion does not rise to the level of willful misconduct.

*Id.* (internal citations omitted).

The Court does not find a clear record of delay or willful misconduct justifying a dismissal with prejudice. One previous § 1983 suit and a habeas suit were omitted from the complaint. The Plaintiff attempted to amend his complaint pursuant to Rule 15(a) when he was notified of the deficiency. (Doc. 29 at 2). It does not appear that the Plaintiff omitted these cases from his complaint in bad faith.

The Court refers the matter back to the Magistrate Judge for consideration of the other grounds for dismissal in the Motion to Dismiss as well as reconsideration of whether the Plaintiff's Motions for Entry of Default and Appointment of Counsel are moot. (Docs. 23, 25, 33).

**SO ORDERED**, this 30th day of June, 2016.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT