IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM H. POWELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 5:14-CV-87-MTT-MSH |
| | : | 42 U.S.C. § 1983 |
| BRIAN OWENS, *et. al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court are Defendant Stephen Bostick's Motion to Dismiss (ECF No. 25), and Plaintiff's Motions for Entry of Default (ECF No. 23), for Appointment of Counsel (ECF No. 33), for Injunction (ECF No. 49), and for Extension of Time (ECF No. 62). For the following reasons, the Court recommends that Defendant's motion be granted. The Court also recommends that Plaintiff's motion for an injunction be denied. Plaintiff's motions for entry of default, appointment of counsel, and for extension of time are denied.[1]

## BACKGROUND

On February 28, 2014, Plaintiff filed this complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. The undersigned conducted a preliminary review of Plaintiff's Complaint and recommended that two of Plaintiff's claims be allowed to proceed: (1)

---

[1] A Report and Recommendation was issued on October 14, 2014 (ECF No. 45). However, the case was stayed during the pendency of an appeal. The Eleventh Circuit dismissed the appeal for failure to prosecute (ECF No. 60). This matter was then referred back to the Magistrate Judge for reconsideration of the R. & R. given the passage of time (ECF No. 61).

Eighth Amendment claims against two corrections officers and numerous medical personnel in connection to an assault committed on him by multiple inmates; and (2) First Amendment claims against two counselors and a corrections officer for retaliation.

Defendant Bostick is the only Defendant who has been properly served. He filed a motion to dismiss on July 11, 2014. Def.'s Mot. to Dismiss, ECF No. 25. The undersigned recommended dismissal based on abuse of judicial process because Plaintiff failed to accurately disclose all of the cases that he has filed in federal or state court related to his imprisonment. R. & R. 2-6, Sept. 30, 3014, ECF No. 43. Plaintiff then filed an appeal which stayed the case. After the appeal was dismissed, the district judge declined to adopt the R. & R. because it would result in a dismissal with prejudice since the statute of limitations has now expired. Order 2, June 30, 2016, ECF No. 61. The motion to dismiss was thus referred back to the undersigned for consideration of Defendant's remaining asserted grounds for dismissal.

## DISCUSSION

### I.    Defendant Bostick's motion to dismiss

#### A.    Official capacity claims

Defendant Bostick avers that any and all claims asserted against him in his official capacity are barred by the Eleventh Amendment. The Court agrees. Defendant is an employee of the Georgia Department of Corrections ("GDOC"). GDOC employees are entitled to Eleventh Amendment immunity for claims in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D.

2

Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDOC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the GDOC unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Ferguson*, 428 F. Supp. 2d at 1352. Therefore, Eleventh Amendment immunity bars suit.

Additionally, GDOC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for the denial of Plaintiff's claims. *Will*, 491 U.S. 71. Plaintiff's claims against Defendant Bostick in his official capacity should therefore be dismissed.

B.     Compensatory damages

Defendant Bostick also moves to dismiss on the grounds that Plaintiff has no physical injury as a result of Defendant Bostick's alleged actions and therefore Plaintiff cannot recover compensatory damages. Plaintiff responds that Defendant has interfered with his ability to access the grievance procedure and this has "delayed and denied timely medical care in regards to his stab[] wounds . . . [his] eye condition . . . [and his]

keratoconus." Pl.'s Resp. 4, ECF No. 29.[2]

"Compensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." *Williams v. Brown*, 347 F. App'x 429, 436 (11th Cir. 2009). "No Federal civil action may be brought by a prisoner confined in a . . . prison . . ., for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C. § 1997e(e).

Plaintiff has not alleged that Defendant Bostick's purported conduct caused a physical injury. Plaintiff describes pre-existing conditions wholly unrelated to the alleged actions of Defendant Bostick. Plaintiff has not alleged the requisite physical injury and it is therefore recommended that Defendant's motion to dismiss be granted.

## II.    Plaintiff's Miscellaneous Motions

### A.    Plaintiff's motion for entry of default

Plaintiff filed a motion for entry of default (ECF No. 23) on July 7, 2014 alleging that Defendants Fye, Nash, Harrison, Willis, Worth, John Doe #1, John Doe #2,[3] Bostick, Hill, and Rawls failed to "plead or otherwise defend." Defendant Bostick timely filed a pre-Answer motion to dismiss (ECF No. 25) on July 11, 2014. Therefore, he is not in

---

[2] The Court notes that a plaintiff has no constitutional right to participate in prison grievance procedures. *Wildberger v. Bracknell,* 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Patterson v. Williams*, 7:08-cv-3-HL, 2008 WL 3992709 at *1 (M.D. Ga. Aug. 21, 2008). "Therefore, a prison official's failure to provide, process, or respond to such a grievance is not actionable under 28 U.S.C. § 1983." *Patterson,* 2008 WL 3992709 at *1.

[3] Fictitious-party pleading is not permitted in federal court. *See Richardson v. Johnson,* 598 F.3d 734, 736 (11th Cir. 2010). Despite Plaintiff's brief description of the John Doe defendants, their identity has not been determined. The Court thus recommends dismissal of John Doe #1 and John Doe #2.

default and Plaintiff's motion is denied as to Defendant Bostick.

To date, Defendant Bostick is the only Defendant to have been served in the case. *See* Waiver of Service as to Stephen Bostick, ECF No. 18; USM285 Process Receipt and Return Unexecuted for Rawls–Defendant Deceased, ECF No. 19; USM285 Process Receipt and Return Unexecuted for John Doe (#2, White Male Control Officer), John Doe (#1, Black Male Floor Officer), Harrison, John Hill, Colette Nash, Willis, Worthy, ECF No. 20; Order, August 27, 2014, ECF No. 40.)   Default is not appropriate where a defendant has not yet been served with process. *Jerome v. Barcelo Crestline,* 1:07-cv-447-WSD-LTW, 2007 WL 4224782 at *1 (N.D. Ga. Nov. 27, 2007). Plaintiff's motion is therefore denied as to Defendants Fye, Nash, Harris, Willis, Worthy, Hill, and Rawls.

In order to effectuate service, the Court directed Plaintiff to respond and provide additional information regarding the Defendants that had not yet been served.  Plaintiff failed to comply with that Order and Defendants have not been served.  It is thus recommended that Plaintiff's Complaint be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order.

B.    Plaintiff's motion for appointment of counsel

Plaintiff requests that legal counsel be appointed for him in this case (ECF No. 33). Pursuant to 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."   There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is

5

justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

Here, Plaintiff filed a § 1983 *pro se* complaint on a standard form and attached a Complaint with jury demand (ECF No. 1). The facts stated in Plaintiff's Complaint are not complicated, and the law governing Plaintiff's claims is neither novel nor complex. The Complaint and Plaintiff's response to Defendant Bostick's motion to dismiss (ECF No 29) likewise demonstrate that Plaintiff is able to articulate his claims and that he has a basic understanding of the law.

The undersigned thus finds that the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of an attorney—despite his inability to afford counsel, limited access to the law library, and limited knowledge of the law. *See* Mot. for the Appointment of Counsel 1, ECF No. 33. Plaintiff's Motion for the Appointment of Counsel (ECF No. 33) is accordingly denied.

C.     Plaintiff's motion for an injunction

Plaintiff filed a motion requesting an injunction on November 3, 2014 (ECF No. 49). Plaintiff requests greater access to the law library and placement in a different housing unit. Pl.'s Mot. for Inj. 2-5, ECF No. 49. In this circuit there is a four-factor test for determining whether a preliminary injunction should be granted. Specifically, the Eleventh Circuit has held that:

> As the party seeking a preliminary injunction, Plaintiff bears the burden of establishing four elements: (1) that there is a substantial likelihood of success on the merits; (2) that Plaintiff will be irreparably harmed if injunctive relief is denied; (3) that the threatened injury outweighs whatever

>damage the injunction may cause to the alleged infringer; and, (4) that the injunction, if issued, will not be adverse to the public interest.

*Learning Experience Syst., LLC v. Foxborough Child Care, LLC,* slip copy, 2010 WL 3565712 (11th Cir. 2010); s*ee also Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir.2002); *CBS Broad. Inc. v. EchoStar Commc'n Corp.*, 265 F. 3d 1193, 1200 (11th Cir. 2001). Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. *Cunningham v. Adams,* 808 F. 2d 815, 821 (11th Cir. 1987). A temporary restraining order or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F. 2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F. 2d 426, 429 (11th Cir. 1982).

A review of Plaintiff's motion reveals that he has failed to establish that the limited access to the law library or his current housing placement will cause him irreparable damage. Furthermore, Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits. The court will not compel the Defendants to perform an act simply because the Plaintiff desires it. As one Court noted in the context of a preliminary injunction, "prison officials' exercises of discretion should generally be respected, as federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Escobar v. Reid,* 348 F. App'x 387, at \*\*2 (10th Cir. 2009) (citing *Wilson v. Jones*, 430 F. 3d 1113, 1123 (10th Cir. 2005) (quotation omitted)).

Because the Plaintiff has failed to show that irreparable injury will occur without

an injunction or that there is a substantial likelihood that he will prevail on the merits of his § 1983 claim, he has failed to meet the four-prong test for obtaining injunctive relief. The Court thus recommends that Plaintiff's Motion for a Preliminary Injunction be denied.

### D. Plaintiff's motion for extension of time

Plaintiff filed a motion for extension of time on July 25, 2016 (ECF No. 62) asking the Court to "grant the needed time to respond to the Court['s] recent filings, by Marc Treadwell[.]" Plaintiff's motion refers to Judge Treadwell's June 30, 2016 Order (ECF No. 61). As no response to an Order is necessary, Plaintiff's motion for an extension of time is denied. Plaintiff also requests that the Court "advise Washington State Prison to hire a librarian" and also asks for three § 1983 standard forms. This Court is without jurisdiction to order Washington State Prison to hire a librarian. The Clerk is directed to mail three § 1983 standard forms to Plaintiff.

## CONCLUSION

For the reasons explained above, it is recommended that Defendant's Motion to Dismiss (ECF No. 25) be granted and that Plaintiff's Motion for Injunction (ECF No. 49) be denied. Plaintiff's Motions for Entry of Default (ECF No. 23), for Appointment of Counsel (ECF No. 33), and for Extension of Time (ECF No. 62) are denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo

determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 14th day of December, 2016.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE