IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM H. POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-87 (MTT) |
| ) | |
| BRIAN OWENS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Magistrate Judge Stephen Hyles recommends granting Defendant Stephen Bostic's motion to dismiss (Doc. 25); dismissing Powell's complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b); and denying Powell's motion for injunctive relief (Doc. 49). Doc. 64.[1] Powell did not object.

The Court has reviewed the Order and Recommendation (Doc. 64) for clear error and **REJECTS** the recommendation that Bostic's motion to dismiss (Doc. 25) be granted; **REJECTS** the recommendation that Powell's complaint be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b); and **ADOPTS as amended** the recommendation that Powell's motion for injunctive relief (Doc. 49) be denied.

---

[1] In his Order and Recommendation (Doc. 64), the Magistrate Judge denies Powell's motions for entry of default (Doc. 23), appointment of counsel (Doc. 33), and extension of time (Doc. 62). Doc. 64 at 1, 4-8. The Magistrate Judge construes his order on these motions as an order on pretrial matters under 28 U.S.C. § 636(b)(1)(A) subject to reconsideration only "where . . . shown [to be] . . . clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1).

The motion for extension of time (Doc. 62) includes a request for injunctive relief. Doc. 62 at 1-2. The Magistrate Judge's determination of this matter requires adoption by the Court under 28 U.S.C. § 636(b)(1)(B). The Court has reviewed the Magistrate Judge's recommendation denying Powell's request for injunctive relief. The Magistrate Judge correctly concludes that the Court has no authority to enjoin Washington State Prison, because Powell has not shown it to be a party, an agent of a party, or in active concert or participation with such, as required by Federal Rule of Civil Procedure 65(d)(2). Accordingly, the Court **DENIES** Powell's request for injunctive relief in Doc. 62, as the Magistrate Judge recommended.

The Magistrate Judge's order on the rest of the issues raised in these motions has not been shown to be clearly erroneous or contrary to law, and is undisturbed by this Order.

## I.  BOSTIC'S MOTION TO DISMISS

Bostic filed his motion to dismiss on July 11, 2014, asserting that the Court should dismiss Powell's First Amendment retaliation claim against him because: (1) Powell's failure to disclose past actions constitutes an abuse of process; (2) damages claims against Bostic in his official capacity are not permitted under the PLRA and are barred by the Eleventh Amendment; and (3) Powell suffered no physical injury as the result of Bostic's alleged conduct.  Doc. 25-1 at 2-8.  The Magistrate Judge first recommended that Powell's claims be dismissed because of an abuse of process.  Doc. 45.  However, the Court rejected that recommendation because, under the applicable statute of limitations, the dismissal would have been in effect with prejudice, and the Court did not find a clear record of delay or willful misconduct justifying such a dismissal.  Doc. 61 at 1-2.  The Court accordingly referred the matter back to the Magistrate Judge for consideration of the other grounds Bostic raised.  *Id.*

The Magistrate Judge, considering these grounds, recommends granting Bostic's motion to dismiss because: (1) claims for damages against Bostic in his official capacity are not permitted under the PLRA and are barred by the Eleventh Amendment; and (2) Powell has not alleged that his physical injuries were causally connected to his First Amendment retaliation claim against Bostic.  Doc. 64 at 2-4.  Neither ground, however, supports the dismissal of Powell's claim against Bostic.

### A.     Powell States a Claim against Bostic in His Individual Capacity

The Magistrate Judge is correct that Powell cannot bring a claim for damages against Bostic in his official capacity.  But Powell does not specify whether his claims against Bostic are in his individual or official capacity.  Construing Powell's pro se pleadings liberally, the Court construes Powell's claim as being against Bostic in his individual capacity.

**B.      Powell's Retaliation Claim does not Require Allegations of Physical Injury**

The Magistrate Judge concluded that Powell did not allege a physical injury causally connected to Bostic's conduct, but rather that his injuries are "pre-existing conditions wholly unrelated to the alleged actions of [Bostic]." Doc. 64 at 4. Assuming, but not deciding, that this conclusion is correct, this conclusion does not warrant dismissal of Powell's claim against Bostic.

Bostic argued dismissal was appropriate because the PLRA bars claims for compensatory damages absent allegations of a causally related physical injury. Doc. 64 at 4. It is true that "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015). However, Powell can recover nominal damages for a violation of his First Amendment rights without alleging physical injury.

To avoid this, Bostic construes Powell's claim as seeking only compensatory damages and argues that even if Powell sought nominal damages, they would be barred by the PLRA absent a causally connected physical injury. Doc. 25-1 at 8 n.3 (noting that even "if Plaintiff had requested them, any claim for punitive and nominal damages would also be barred"). The Court disagrees.

Bostic supports his legal argument—that nominal damages are barred by the PLRA absent physical injury—with several older Eleventh Circuit cases which stated that the issue was unresolved in this Circuit. *Id.* Since Bostic submitted his brief, however, the Eleventh Circuit has made "clear . . . what [it had] long implied in [its] caselaw," that "nothing in [the PLRA] prevents a prisoner from recovering nominal damages for a constitutional violation without a showing of physical injury." *Brooks*, 800 F.3d at 1307-09. Accordingly, even if Powell failed to allege a causally connected physical injury, that would not completely bar his claim.

The Court also disagrees with Bostic's narrow construction of Powell's claim. Powell's claim should be construed as stating a claim for nominal damages, not just compensatory damages. This liberal construction is required because Powell is a pro se litigant. *Cf. Magwood v. Sec'y, Fla. Dep't of Corr.*, 652 F. App'x 841, 843, 845 (11th Cir. 2016) ("Although [the pro se prisoner's] complaint did not specifically request nominal damages, he did request appropriate relief generally, and the district court should consider whether nominal damages are available . . . ."). Further, Powell's First Amendment retaliation claim was actually first stated as such in the Magistrate Judge's screening order, not in Powell's complaint. *See* Doc. 13 at 8 *adopted by* Doc. 28. It would accordingly be anomalous to dismiss the claim now because Powell did not expressly seek nominal damages in his complaint.

Accordingly, the Court **REJECTS** the Magistrate Judge's recommendation as to Bostic's motion to dismiss (Doc. 64); and the motion to dismiss (Doc. 25) is hereby **DENIED**. Powell's First Amendment retaliation claim against Bostic in his individual capacity may go forward.

## II.   DISMISSAL UNDER RULE 41(b)

The Magistrate Judge recommends "that Plaintiff's Complaint be dismissed under Federal Rule of Civil Procedure 41(b)," because Powell failed to respond to the Court's direction to provide additional information regarding several unserved Defendants. Doc. 64 at 5. On August 27, 2014, the Magistrate Judge, noting the United States Marshals' inability to effectuate service on all remaining Defendants except Bostic, gave Powell "thirty (30) days within which to provide the Court with Defendants['] current and correct addresses and to provide more detail so as to identify the unidentified Defendants." Doc. 40 at 1-2. The Magistrate Judge cautioned that: "[i]f Plaintiff is unable to determine the Defendants' current addresses or further identify the unidentified Defendants, he should respond to this Order with an explanation of his

good faith efforts to do so," and warned that "[f]ailure of the Plaintiff to comply . . . may result in a dismissal of his action." *Id.* at 2-3.

The Magistrate Judge correctly notes that Powell has not responded to the Court's order. However, the docket does not clearly reflect that Powell was ever served with the order. Because the statute of limitations would bar Powell from refiling his claims, such a dismissal would be in effect, with prejudice, and should be supported by a clear record of delay or willful misconduct. Without evidence that Powell was served with the order, it is inappropriate to dismiss Powell's claims under Rule 41(b) for not complying with the order. Further, even if it were appropriate to dismiss Powell's claims as to the unserved Defendants under Rule 41(b), it would be inappropriate to dismiss Powell's claim against Bostic, as he has been served. Accordingly, the Court **REJECTS** the Magistrate Judge's recommendation (Doc. 64) that Powell's complaint be dismissed under Rule 41(b).

### III. POWELL'S MOTION FOR INJUNCTIVE RELIEF

In denying Powell's motion for injunctive relief (Doc. 49), the Magistrate Judge relied, in part, on the conclusion that Powell failed to show a substantial likelihood of prevailing on the merits. Doc. 64 at 7. To the extent that this conclusion was based on the grounds Bostic raised in his motion to dismiss, the Court disagrees.

However, Powell signed his motion for injunctive relief on October 29, 2014 while housed at Ware State Prison. Doc. 49 at 1, 5-6. In his motion, Powell claimed that he had been placed in administrative segregation in retaliation for his pursuit of past legal action. *Id.* at 4-5. He stated that this isolation was preventing him from meaningfully accessing the law library and thus wrongfully deprived him of his right to access the court. *Id.* at 2-3. Powell sought relief from these conditions and requested that the Court understand his limitations in examining his case. *Id.* at 5. Since he filed this motion, however, Powell has been moved to Washington State Prison. *See* Doc. 62 at

1.  For this reason, Powell cannot show any future irreparable harm if his motion seeking relief against Ware State Prison officials is denied.

Accordingly, with this amendment, the Court **ADOPTS** the recommendation (Doc. 64) as to Powell's motion for injunctive relief (Doc. 49); and it is hereby **DENIED**.
.
**SO ORDERED**, this 27th day of January, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT